**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLEY DAPRIZIO,<br><br>      Plaintiff,<br><br>  vs.<br><br>HARRAH'S LAS VEGAS, INC. et al.,<br><br>      Defendants. | Case No.: 2:10-cv-00604-GMN-RJJ<br><br>**ORDER** |

This case arises out of Plaintiff's allegation that Defendant has both a policy and practice of not fully compensating its employees for time on the job. Plaintiff Kimberley Daprizio is a dealer at a casino property owned and operated by Defendants Harrah's Las Vegas, Inc. and Harrah's Entertainment, Inc. (collectively, "Harrah's"). Plaintiff claims that she and her fellow dealers are required to attend a ten-to-fifteen minute meeting before each shift. She claims that these meetings are mandatory, work related, and intended for Harrah's benefit. Harrah's, she claims, does not compensate dealers for their time and participation in these pre-shift meetings. Pending before the court is Defendants' Motion to Dismiss (ECF No. 13). Plaintiff asserts two causes of action: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (*see* Compl. at 6); and (2) violation of Nevada Revised Statutes ("NRS") 608.016 and 608.030, (*see id.* at 8). Plaintiff invokes the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), to extend the suit to all employees who have encountered similar treatment within the previous three years. (*See id.* at 2–3). Defendants argue that Plaintiff's complaint is legally insufficient and seeks a full dismissal.

/ / /

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs.*,

*Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**II.     ANALYSIS**

    **A.     Jurisdiction**

Plaintiff alleges jurisdiction under the FLSA and CAFA. (Compl. at 2). Section 216(b) of the FLSA grants jurisdiction to "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Section 1332(d)(2) of CAFA grants district courts original jurisdiction when the aggregate amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties. *See* 28 U.S.C. § 1332(d)(2)(a)–(c) and (d)(5)–(6). In the present case, the FLSA is the basis for the first cause of action. However, there is no allegation in the Complaint of any facts supporting minimal diversity between any parties. All Defendants are Nevada citizens, Plaintiff is a Nevada citizen, and putative class members are alleged to be situated similarly to Plaintiff. Moreover, CAFA will not support jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B). Therefore, there appears to be no original jurisdiction under CAFA. Still, a district court has discretion under

§ 1367(c) to exercise supplemental jurisdiction over state law class actions if it has original jurisdiction over another claim pursuant to § 1331. *See Lindsay v. GEICO*, 448 F.3d 416, 423–25 (D.C. Cir. 2006); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311–13 & n.18 (3d Cir. 2003).

Here, there is original jurisdiction over the FLSA collective action under § 1331, so the Court has discretion to exercise supplemental jurisdiction over the state law class action under § 1367(c). The state law claims do not raise novel or complex issues of state law, *see* § 1367(c)(1); they do not substantially predominate over the FLSA claims, *see* § 1367(c)(2); and the Court has not dismissed the FLSA claims over which it has original jurisdiction, *see* § 1367(c)(3). Finally, there are no "exceptional circumstances" giving rise to "compelling reasons for declining jurisdiction." § 1367(c)(4). The Court will therefore retain jurisdiction over the state law class action.

### B.     Is the Unpaid Time De Minimis?

Harrah's argues that even if the allegations are true, a ten-to-fifteen minute pre-shift meeting is de minimis and therefore as a matter of law does not entitle the Plaintiff to relief. "De minimis" is an abbreviation for the Latin phrase *de minimis non curat lex*, meaning "the law does not concern itself with trifles." *Black's Law Dictionary* 496 (9th ed. 2009). The de minimis doctrine has long played a part in FLSA litigation. The Supreme Court has stated in a case where it otherwise held that employers were liable for time employees spent walking from their time clocks to the their workstations:

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

/ / /

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946), *superseded on other grounds by statute*, Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251–62.  In this Circuit, a court considers: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1057 (9th Cir. 2010) (quoting *Lindow v. United States,* 738 F.2d 1057, 1062 (9th Cir. 1984)).  The *Lindow* court agreed with the district court that "the 7 to 8 minutes spent by employees reading the log book and exchanging information, even if not preliminary, was *de minimis* and therefore not compensable." *Lindow,* 738 F.2d at 1062.  However, the court went on to say that "no precise amount of time . . . (or) rigid rule can be applied with mathematical certainty.  Rather, common sense must be applied to the facts of each case." *Id.* at 1063.

In the present case, Plaintiff alleges that the unpaid time was for ten-to-fifteen minute meetings.  When considered in the framework of the three-pronged *Lindow* test, the time was not de minimis.  First, Defendants can easily record the additional time if the facts are as Plaintiff alleges, because Defendants require Plaintiff to attend a ten-to-fifteen minute briefing before every shift as a rule.  Defendants need only automatically add an extra ten or fifteen minutes to the employee's time chart if it uses an automated system, or allow the employee to punch in before the meeting if the employer utilizes a traditional punch clock.  Secondly, the aggregate amount of unpaid time is 10–15 minutes per day or 50–75 minutes per week.  Even when discounted for two weeks of vacation, this amounts to 2500–3750 minutes per year.  This is over forty hours per year.  The loss of over a week's pay per year is more than a trifling amount.  Third, the alleged daily unpaid meeting is a regular, planned event.  Because the three prongs of the *Lindow* test are met, the time at issue is not de minimis.

/ / /

### C. Does Plaintiff Have a Private Right of Action Under NRS 608.180?

Plaintiff demands relief according to two Nevada labor laws but fails to mention in the Complaint or file with the Court any documentation showing that the administrative remedies provided by the law have been exhausted. The applicable law states, "The Labor Commissioner or the representative of the Labor Commissioner shall cause the provisions of NRS sections 608.005 to 608.195, inclusive, to be enforced, and upon notice from the Labor Commissioner or the representative . . . shall prosecute the action for enforcement according to the law." Nev. Rev. Stat. § 608.180. The statute goes on to outline an administrative chain of enforcement involving the district attorney in the county of the violation, the Deputy Labor Commissioner, the Attorney General, and special counsel. Plaintiff alleges violations of sections 608.016 and 608.030, which seemingly fall within the administrative jurisdiction of the Labor Commissioner according to section 608.180. A strict reading of the statute seems to preclude an individual from filing a private action without using the statutorily mandated administrative channels.

With respect to some state labor laws, the Nevada Supreme Court indeed requires that administrative remedies be exhausted before a plaintiff may file a private action. The Court, for example, found no private right of action existed for dealers at another Las Vegas casino when they sued the casino over a redistribution of tips from dealers to low-level managers: "We will imply no private cause of action to enforce NRS 608.160 [unlawful tip deduction], or other labor statutes at issue here, in the district courts in the first instance. Second, since declaratory relief is not available when an adequate statutory remedy exists, appellants lacked standing to such relief." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 98 (Nev. 2008). Plaintiff in the present case is also a casino dealer, but she is suing to collect unpaid wages pursuant to section 608.016, not to recover or prevent unlawful tip deductions under section 608.160, and the *Baldonado* Court specifically noted that a private right of action to collect unpaid wages is

explicitly recognized in section 608.140. *See id.* at 104 n.33 (citing Nev. Rev. Stat. § 608.140, which provides for attorney's fees in a "suit for wages earned and due"). The Court therefore finds that Plaintiff may proceed with her lawsuit under section 608.016, at least in an individual capacity.

### D.   Does the FLSA Collective Action Preclude the State Law Class Action?

The Court finds that the FLSA precludes the state law class action. The conflict between the two mass action schemes involves the mechanisms by which parties become members of a suit. Defendant argues that "allowing the parallel claims to be pursued concurrently would allow the application of the collective action opt-out mechanism of Rule 23, invoked by the state law claims, to govern what Congress intended to be a more limited situation of opt-in collective action [under the FLSA]." (Mot. Dismiss 13, ECF No. 2). The Court agrees. The FLSA states that, "No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). This is the "opt-in" provision used for FLSA collective actions, under which a putative class member is not bound unless he or she affirmatively opts in to the suit. Garden-variety class actions, however, are governed by Rule 23, which states that "the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). This is the "opt-out" provision, under which members of a certified class must affirmatively opt out of the class or be bound by the class action litigation. This divergence between the respective opt-in and opt-out procedures of a FLSA collective action and a garden-variety class action results in a class action under state labor laws being preempted by the FLSA's collective action scheme.

> The Ninth Circuit has based its preemption analysis on the Supreme Court's three categories: (1) *express preemption*—"where Congress explicitly defines the extent to which its enactments preempt state law"; (2) *field preemption*—"where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy"; and (3) *conflict preemption*—"where it is impossible to comply with both state and federal

requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000) (citing *Indus. Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997) (citing *English v. Gen. Elec. Co.*, 496 U.S. 72, 78–80 (1990))). "Consideration of the issues arising under the Supremacy Clause 'start[s] with the assumption that the historical police powers of the states [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress.'" *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947)). "Preemption issues must be decided on a case-by-case basis." *Williamson*, 208 F.3d at 1155.

A court of this District has ruled that the FLSA precludes state-law labor class actions. In *Williams v. Trendwest Resorts, Inc.*, the court found that "the class action mechanisms of the FLSA and Rule 23 are incompatible. It would be inappropriate to permit Plaintiff's attempt to circumvent the restrictive opt-in requirement of the FLSA . . . ." No. 2:05-CV-0605-RCJ-LRL, 2007 WL 2429149 at *4 (D. Nev. Aug. 20, 2007) (Jones, J.). In *Trendwest Resorts*, the defendant's employees were attempting to recover overtime wages under the FLSA as well as under California state labor law. The court pointed out that notice was sent to 1578 employees of Trendwest Resorts in California and Nevada, but only 194 individuals had opted into the putative class. *Id*. Had Rule 23 been implemented, the other 1100 California employees who failed to affirmatively opt in would have been brought into the case. *Id*. In the present case, there is only one complaining party and an unknown number of potential class members. "[T]he policy behind requiring FLSA plaintiffs to opt in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Leuthold v.*

*Destination Am., Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) (citation and internal quotation marks omitted).

Plaintiff argues that no preemption issue exists since none of the three types of preemption apply. Express and field preemption are not in dispute since neither side alleges that the federal law expressly preempts state law or that labor disputes are strictly a federal issue. Conflict preemption, Plaintiff argues, also does not apply because the "Nevada overtime and minimum wage claims do not 'stand as an obstacle' to Congress' purpose in enacting the FLSA." (Resp. Mot. Dismiss 9:11–12, ECF No. 14). In support of this argument, Plaintiff points to the "savings clause" of the FLSA which allows states to enact wage and hour laws more favorable to workers than the minimum requirements of the FLSA and quotes *Williamson*, which states that, "the FLSA's 'savings clause' is evidence that Congress did not intend to preempt the entire field." 208 F.3d at 1151 (citing 29 U.S.C. § 218(a)). This argument is unpersuasive for two reasons. First, the savings clause of the FLSA that Plaintiff mentions deals expressly with minimum wages and child labor laws. The language leaves little room for broader inference and probably no room for broader application. Second, the quote from *Williamson* Plaintiff mentions explicitly refers to field preemption, a type of preemption Plaintiff explicitly disclaims. The savings clause simply means that plaintiffs may bring FLSA collective actions based on violations of state wage and hour laws that are stricter than federal requirements. But the fact that Congress permits suit based on a state's wage and hour requirements that are stricter than those in the FLSA does nothing to ameliorate the conflict between the FLSA opt-in provision and the Rule 23 opt-out provision.

Because of the tension between the opt-in procedure of an FLSA collective action and the opt-out procedure of a garden-variety Rule 23 class action, a conflict exists. *See, e.g.*, *Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2010 WL 1781011, at *3 (D. Ariz. May 4,

2010).  The Ninth Circuit has stated even more broadly in dicta that "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." *Williamson*, 208 F.3d at 1154.  This could be read as preempting even Plaintiff's individual claim, but that question is not before the Court.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 13) is GRANTED in part and DENIED in part.  The state law class action is preempted by the FLSA, but Plaintiff has sufficiently stated an FLSA claim as against the Rule 12(b)(6) challenge, and her individual state law claims are cognizable.

DATED this 17th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge