UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIMBERLEY DAPRIZIO,            )
                               )
                Plaintiff,  )
  vs.                          )    Case No.: 2:10-cv-00604-GMN-RJJ
                               )
HARRAH'S LAS VEGAS, INC., et al., )    **ORDER**
                               )
                Defendants. )
                               )

       Pending before the Court is Plaintiff's Motion for Certification of Order for Appeal (ECF No. 18) and, in the alternative, Plaintiff's Motion for Reconsideration (ECF No. 27). Defendants Harrah's Las Vegas, Inc. and Harrah's Entertainment, Inc. ("Defendants") filed Responses (ECF Nos. 24 & 29) to these motions, and included a Motion to Strike (ECF No. 29) with their Response to Plaintiff's Motion for Reconsideration. Plaintiff responded to the Motion to Strike (ECF No. 37), and all relevant replies have been filed.

**I.    BACKGROUND**

       On May 27, 2010, Plaintiff filed a class action complaint in this Court, alleging violations of the Fair Labor Standards Act ("FLSA") and Nevada state wage-hour laws. Thereafter, on June 16, 2010, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief could be granted. (ECF No. 13.) On August 17, 2010, this Court issued an order in which it granted Defendants' Motion in part and denied it in part. (ECF No. 17.) The language in that Order relevant to the current motions is the Court's determination that the FLSA opt-in provision procedurally preempted the Nevada state

law class action that would have to be brought under Federal Rule of Civil Procedure 23's opt-out provision. Based on this determination, the Court noted in its conclusion that "[t]he state law class action is preempted by the FLSA, but Plaintiff has sufficiently stated an FLSA claim as against the Rule 12(b)(6) challenge, and her individual state law claims are cognizable." (Order 10:7–9, ECF No. 17.)

Plaintiff filed the instant motions, asking the Court to either reconsider its decision in light of the Ninth Circuit's most recent decision in *Wang v. Chinese Daily News,* 623 F.3d 743 (9th Cir. 2010) or to certify this interlocutory order for appeal to the Ninth Circuit. Defendants oppose both of these motions and have moved to strike Plaintiff's Motion for Reconsideration, arguing that Motions for Reconsideration are not procedurally proper. The Court will first address the Motion to Strike, and then will turn to Plaintiff's motions.

## II.   DISCUSSION

### A.   Motion to Strike

Defendants contend that Plaintiff's Motion for Reconsideration should be denied because it fails procedurally. Although Defendants are correct that "there is no such animal as a Motion for Reconsideration in the Federal Rules of Civil Procedure," (Mot. to Strike 2:24, ECF No. 29), courts of this District have traditionally entertained Motions for Reconsideration, even on interlocutory orders. *See, e.g., Southwest Circle Group, Inc. v. Perini Building Co.*, No. 02:10-cv-00481-RLH-PAL, 2010 WL 46006999 (D. Nev. Nov. 5, 2010) (considering a Motion for Reconsideration with regard to that court's earlier Order imposing a stay on the case). They do so based upon Federal Rules of Civil Procedure 59(e)--Motion to Alter or Amend Judgment--and 60(b)--Grounds for Relief from a Final Judgment, and upon a district court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient,"

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted); *see* Fed. R. Civ. P. 54(b) (stipulating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Therefore, all district court rulings are subject to revision at any time before the entry of final judgment so long as the court retains jurisdiction over the case. *See Santa Monica Baykeeper*, 254 F.3d at 885–86. Recognizing this, the Court will entertain Plaintiff's Motion for Reconsideration and will DENY Defendants' Motion to Strike.

### B. Is the State Law Class Preempted?

In her Motion for Reconsideration, Plaintiff contends that the recent decision of *Wang v. Chinese Daily News,* 623 F.3d 743 (9th Cir. 2010), which was decided after this Court's Order, requires this Court to revisit its earlier Order and allow the state law class action to proceed forward. Plaintiff's Motion does not actually analyze why *Wang* requires this result, it merely directs the Court to the allegedly relevant pages and contends that "the Ninth Circuit has explicitly rejected the Court's position that the FLSA preempts Rule 23 state law claims, including the Court's interpretation of dicta in Williamson v. Gen. Dynamics Corp., 208 F.3d 1305 (9th Cir. 2000)," (Mot. to Reconsider 2:1–3, ECF No. 26). Defendants oppose Plaintiff's Motion, arguing that *Wang*'s holdings are not directly relevant to the issue before this Court because *Wang* only noted that FLSA did not preempt similar state law causes of action, but did not discuss whether the opt-in procedural mechanism for FLSA class actions preempted, or did not preempt, classes governed by Rule 23's opt-out procedures. (Mot. to Strike 3, ECF No. 29.) The Court agrees with Defendants' reading of the holdings in the Ninth

Circuit case: *Wang* primarily stands for the proposition that the substantive protections of FLSA do not preempt state law claims that derive their standards from FLSA. *Wang*, 623 F.3d at 760 (holding "[w]here, as here, the state and federal requirements are the same, it is obviously possible to comply with both laws simultaneously . . . . We therefore hold that FLSA does not preempt a state-law §17200 claim that 'borrows' its substantive standard from FLSA.").

This Court did not rule in its previous Order that FLSA claims preempt similar state law claims, but, rather, ruled that the procedure whereby the state law class action could be adjudicated--an opt-out class--is procedurally preempted by the opt-in procedures required by FLSA.  *Wang* also explains that a court may exercise supplemental jurisdiction over state law claims that are parallel to the FLSA claims that form the basis for jurisdiction, *see Wang*, 623 F.3d at 760–62, but that is not relevant to the question currently before the Court.

Nonetheless, *Wang* is helpful here, as the manner in which the lower court resolved the conflicting procedural requirements in that case can provide guidance in this one.  In *Wang*, the district court did not certify a single class using a single procedure-- e.g., using an opt-in procedure to the exclusion of an opt-out procedure, or vice versa. Rather, the court certified two separate classes, one under FLSA's opt-in procedure, while the other proceeded under Rule 23's opt-out procedure. *See Wang*, 623 F.3d at 749.[1]  A similar procedure was undertaken by the lower court in *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006).  In that case, the plaintiffs had attempted to certify an opt-in class under FLSA and an opt-out class under New York law, but the district court had denied certification of the state law class, contending that

---

[1]  As the Ninth Circuit alludes to in *Wang*, group claims for violations of FLSA are typically referred to as "collective actions." *Wang*, 623 F.3d at 749.

the court could not exercise supplemental jurisdiction over it. The D.C. Circuit reversed and remanded, and the district court ended up certifying the state law class, *see Lindsay v. Gov't Employees Ins. Co.*, 251 F.R.D. 51 (D. D.C. 2008). The FLSA opt-in class had already been certified. Thus, the district court ended up certifying two separate classes: one based on the FLSA claims and procedures, the other based on state law claims and Rule 23's opt-out procedures.

Although this Court recognizes that another court in this district has determined that the procedural requirements of FLSA preempt class actions based on state law claims--*see, e.g., Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-LRL, 2007 WL 2429149, at *4 (D. Nev. Aug. 20, 2007), this Court is persuaded that the proper way to proceed in this case is to allow Plaintiff to attempt to certify ***two separate classes***--one using the opt-in procedures of FLSA, while the other would utilize Rule 23's opt-out procedures. This would allow both the FLSA and state law claims to go forward without creating the sort of procedural conflict about which this Court was initially concerned. Conflict preemption applies "where it is impossible to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Wang*, 623 F.3d at 760 (internal quotation marks omitted). By allowing for the possibility of two separate state law and FLSA classes, the Court can prevent the Rule 23 procedures from standing as an obstacle to the fulfillment of the FLSA and can allow both sets of claims to move forward simultaneously. The Court finds the foregoing reasons to be sufficient cause for it to amend its earlier Order. Accordingly, the aspect of the Court's August 17, 2010 Order (ECF No. 17) indicating that the state law class action is preempted is hereby VACATED. Plaintiff may attempt to certify both a state law class under Rule 23 and a separate FLSA class.


Case 2:10-cv-00604-GMN-NJK   Document 41   Filed 12/07/10   Page 6 of 6

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Strike (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 27) is GRANTED insofar as the Court's August 17, 2010 Order (ECF No. 17) indicating that the state law class action procedure is preempted is now VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Certification of Order for Appeal (ECF No. 18) is DENIED as moot.

DATED this 7th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge