UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIMBERLEY DAPRIZIO,            )
                               )
            Plaintiff,         )   Case No.: 2:10-cv-00604-GMN-NJK
    vs.                        )
                               )   **ORDER**
HARRAH'S LAS VEGAS, INC.; and  )
HARRAH'S ENTERTAINMENT, LC,    )
                               )
            Defendants.        )
_____)

Pending before the Court is the Motion for Summary Judgment (ECF No. 52) filed by Defendants Harrah's Las Vegas, Inc. and Harrah's Entertainment, LLC (collectively, "Defendants"). Also before the Court is the Motion to Amend (ECF No. 53) filed by Plaintiff Kimberley Daprizio. Both motions are fully briefed.

I.  **BACKGROUND**

This action has a long litigation history, beginning with its initiation in April 2010, and motion practice from June 2010 through May 2011, relating to Plaintiff's attempts to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure alongside a collective action pursuant to the Fair Labor Standards Act ("FLSA"). (*See* Compl., ECF No. 1; Mot. to Dismiss, ECF No. 13; Order, Aug. 17, 2010, ECF No. 17; Order, Dec. 7, 2010, ECF No. 41; and Order, May 3, 2011, ECF No. 45.) In November 2011, the appeal of the preceding orders was resolved, and in March 2012, a Scheduling Order was entered for the first time in the litigation by the assigned United States Magistrate Judge. (Order on Mandate, Nov. 3, 2011, ECF No. 47; Scheduling Order, March 29, 2012, ECF No. 51.)

Pursuant to the Scheduling Order, the deadline to file motions to amend the pleadings or add parties expired on May 31, 2012, Rule 23 class certification discovery closed on August

1   29, 2012, and the deadline for Plaintiff to file a motion for conditional certification of her

2   FLSA claims or a motion to certify class expired by September 28, 2012. (Scheduling Order,

3   March 29, 2012, ECF No. 51.)  Discovery on the merits of the claims and related issues was to

4   conclude within four months of the Court's denial of the motions for certification or after the

5   class notice period. (*Id.*)  As of September 28, 2012, Plaintiff filed no motions to certify a class

6   or collective action, and no such motions have been filed as of the date of this Order.

7        The deadline for filing dispositive motions was set for no more than thirty days after the

8   completion of all discovery. (*Id.*)  In the event that the Court might find that Plaintiff is an

9   inadequate class representative for purposes of Rule 23, Plaintiff could seek to amend her

10  complaint to add new class representatives. (*Id.*)

11       Because no motions to certify a class or collective action were filed, the discovery

12  period never commenced, and therefore the dispositive motions deadline has not expired.

13  Furthermore, for the same reason, because no motion has been filed, the Court has not

14  determined whether Plaintiff is an adequate class representative, and therefore the exception to

15  Plaintiff's deadline to add new parties as class representatives has not been triggered.

16       On November 8, 2012, Defendants filed the instant Motion for Summary Judgment

17  (ECF No. 52), arguing that summary judgment should be entered in Defendants' favor pursuant

18  to the doctrine of judicial estoppel, as a result of Plaintiff's actions while this case was under

19  appeal – i.e., the June 2011 filing and ultimate discharge of her Chapter 7 bankruptcy on

20  September 7, 2011, in which she did not list the instant claims.

21       On November 9, 2012, Plaintiff filed the instant Motion to Amend Complaint (ECF No.

22  53), requesting leave to add plaintiff parties David Grucello and Nicole McDonagh, and to

23  amend the claims.

24       Defendants allege that they first received Plaintiff's responses to interrogatories on June

25  27, 2012, which led to their discovery of Plaintiff's bankruptcy filing, in addition to other civil

actions which she had not disclosed to Defendants. (Mot. Summ. J., 4, ECF No. 52.)  At Plaintiff's deposition on September 11, 2012, Defendants apparently specifically asked Plaintiff about the dates and other details of Plaintiff's bankruptcy action, and Plaintiff did not specifically acknowledge or recall the facts of that filing. (*Id*. at Ex. 8.)

## II.  **DISCUSSION**

As discussed below, the Court finds that Plaintiff's Complaint (ECF No. 1) must be dismissed with prejudice pursuant to the doctrine of judicial estoppel, and that granting leave to amend is not justified.  Accordingly, Defendants' Motion for Summary Judgment (ECF No. 52) is denied as moot to the extent that Defendants request judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff's Motion to Amend Complaint (ECF No. 53) is denied.

### A.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### B. Analysis

Defendants argue that Plaintiff is judicially estopped from alleging any of her causes of action since Plaintiff filed a Chapter 7 bankruptcy case in June 2011, which was discharged on September 7, 2011, and never disclosed any claims or litigation likely to arise in a non-bankruptcy context in her bankruptcy schedule. (*See* Exs. 2–4, ECF No. 52-1–52-2.)  Here, the Court takes judicial notice of Plaintiff's Chapter 7 bankruptcy filing, schedule, and discharge, as matters of public record. *See* Fed. R. Evid. 201; *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986).

Judicial estoppel is an equitable doctrine invoked by the court at its discretion and intended to protect the integrity of the judicial process. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (quoting *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1311 (9th Cir. 1989) (Hall, J., dissenting))).  "Judicial estoppel seeks to prevent the deliberate manipulation of the courts; it is inappropriate, therefore, when a party's prior position was based on inadvertence or mistake." *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997); *accord United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008).

By statute, debtors in a bankruptcy case are required to file a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i).  This required disclosure includes any contingent and unliquidated claims, and the duty continues for the duration of the bankruptcy proceeding.

1    *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001).

2    "In the bankruptcy context, a party is judicially estopped from asserting a cause of action
3    not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or
4    disclosure statements." *Id*. at 783.  "Judicial estoppel will be imposed when the debtor has
5    knowledge of enough facts to know that a potential cause of action exists during the pendency
6    of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the
7    cause of action as a contingent asset." *Id*. at 784 (citing *Hay v. First Interstate Bank of*
8    *Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).  In *Hamilton*, the Ninth Circuit found that
9    the plaintiff's knowledge of claims against defendant State Farm was "clearly evidenced by the
10   letters that his lawyers wrote to State Farm [in the months prior to filing for Chapter 7
11   bankruptcy], both of which contained threats of litigation." *Id*. at 785.

12   In *Hay*, the Ninth Circuit found that in that case, even though "*all* facts were not known .
13   . . at [the time of the bankruptcy proceedings], . . . enough was known to require notification of
14   the existence of the asset to the bankruptcy court." 978 F.2d at 557.  Although in *Hay*, the
15   amount that must be "known" was left undefined, here there can be no dispute that Plaintiff
16   knew enough facts to know that a potential cause of action – the instant cause of action –
17   existed during the pendency of her Chapter 7 bankruptcy.

18   From the facts presented here, the Court finds no basis on which to determine that
19   Plaintiff's omission of the instant claims from her bankruptcy schedule was based on
20   inadvertence or mistake.  Accordingly, judicial estoppel will be imposed, and Plaintiff's causes
21   of action must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which
22   relief can be granted.  Because this is an absolute bar to Plaintiff's claims, any amendment
23   would be futile, and therefore the dismissal must be with prejudice.  To the extent that
24   Defendants request judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil
25   Procedure, that request must be denied as moot.

Consistent with the findings above, Plaintiff's Motion to Amend (ECF No. 53) must also be denied because it is clear that the deficiencies of the complaint cannot be cured by any amendment. The Court notes Plaintiff's arguments as to amendment of class claims, but agrees with Defendants that such an argument is inapplicable where, as here, there has been no motion to certify a class or collective action, much less any order granting such a motion.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 52) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Amend (ECF No. 53) is **DENIED.**

**DATED** this 20th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge